■ CATHERINE COTTERAL, an Infant, et al., Appellants, v. CITY OF NEW ROCHELLE, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County, dated January 13, 1969, which (1) granted defendant's motion to dismiss the complaint because of plaintiffs' default in appearing for examination before trial and (2) denied plaintiffs' cross motion to vacate their default. Order reversed, on the law and the facts, without costs, and defendant's motion denied and plaintiffs' cross motion granted, upon the following terms and conditions: (a) the examination shall proceed at the time and place designated in a written notice of not less than 10 days, to be served by defendant upon plaintiffs' attorneys; (b) plaintiffs' attorneys shall personally pay costs of $200 to defendant prior to the commencement of the examination; and (c) all further proceedings on the part of plaintiffs are stayed until completion of the examination. In our opinion, while the conduct of plaintiffs' attorneys in delaying the examination before trial was without excuse, the severe penalty of dismissing what is basically an infant's cause of action was not warranted. The imposition of the above set forth terms and conditions will serve to impress upon plaintiffs' attorneys the imperative sanctity of the previous court order, directing the examination before trial, and to safeguard defendant from prejudice in the delay. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ JOHN HAGGERTY, Appellant, v. MAURICE GLUCK et al., Respondents.— In an action by a vendee for specific performance of a contract for the sale of real property and for money damages, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated February 21, 1969, which granted defendants' motion for summary judgment dismissing the complaint and (2) the judgment of said court, entered February 24, 1969 upon said order, in favor of defendants. Order and judgment reversed, on the law, with one bill of $10 costs and disbursements, and defendants' motion denied. In our opinion the affidavits and exhibits submitted raised issues requiring a plenary trial as to the reasonableness of the notice fixing the law date (cf. *Drago* v. *Flewellin*, 33 A D 2d 570). Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.

■ In the Matter of JOHN D. CLARK, Petitioner, v. COMMISSIONER OF MOTOR VEHICLES, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated June 13, 1969, which suspended petitioner's driving license for six months and pending attendance at a driver improvement clinic, for violation of section 510 (subd. 3, par. [e]) of the Vehicle and Traffic Law (gross negligence in the operation of a motor vehicle). Determination confirmed and proceeding dismissed on the merits, without costs. In our opinion, respondent's finding of gross negligence was supported by substantial evidence (*Matter of Pask* v. *Hults*, 30 A D 2d 96; *Matter of Deutsch* v. *Hults*, 10 A D 2d 724). Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.